# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | CRIMINAL NO. 4:02cr88(8) |
| v. | § | |
| | § | |
| ANDRE RETAY TONEY | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 7, 2010, to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Tracey Batson.

On July 2, 2003, Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to a sentence of 92 months imprisonment followed by a 4-year term of supervised release for the offense of conspiracy to manufacture, distribute, possess, and dispense cocaine base (crack) marijuana. On November 20, 2006, the matter was reassigned to the Honorable Richard A. Schell, United States District Judge. Defendant began his term of supervision on August 21, 2009.

On September 7, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 589). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance, and Defendant shall submit to one drug test withing 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or paraphernalia related to such substances, except as prescribed by a physician; (4) Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons; (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Officer, until such time as Defendant is released from the program by the probation officer; (6) under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment officer; and (7) Defendant shall pay a fine in the amount of $2,000, the payment is to begin immediately, and any amount that remains unpaid when Defendant is placed on supervision is to be paid on a monthly basis at the rate of at least 10% of Defendant's monthly gross income, to be changed during supervision if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. 3664(k).

The petition alleges that Defendant committed the following violations: (1) On May 11, 2010, Defendant was arrested by the Sherman Police Department and charged with evading arrest detention with vehicle, a state jail felony, he was released on May 13, 2010, on a $5,000 surety bond, and, as of September 7, 2010, the case has not been presented to grand jury for indictment; (2) on March 11, May 5, and June 17, 2010, Defendant submitted urine specimens that tested positive for cocaine; (3) on July 21, 2010, Defendant submitted a urine specimen that tested positive for cocaine and marijuana; (4) since Defendant's supervision began on August 21, 2009, he failed to work regularly at a lawful occupation; (5) Defendant failed to submit to random drug testing at WNJ Workmed, 501 N. Highland, Suite 300, Sherman, Texas, on April 5 & 16, May 3 & 10, 2010, and June 7, 9 & 30, 2010; (6) Defendant failed to attend individual counseling sessions on February 18, June 17 & 24, and July 10 & 23, 2010 at Pillar Counseling, 120 S. Crockett Street, Sherman, Texas, as instructed, and he failed to attend psychiatric consultations regarding his medications at Dr. Thomas Grugle, 275 West Campbell Road, Suite 121, Richardson, Texas, on December 1, 2009, and June 29, 2010, as instructed; and (7) Defendant has failed to make regular monthly payments toward his fine, has not made a payment since his supervision began, and, as of September 7, 2010, the outstanding balance was $1,825.

At the hearing, Defendant entered a plea of true to the alleged violations of conditions of his supervised release. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the agreement reached by the parties as to the proposed sentence, the Court recommends that Defendant be committed to of the Bureau of Prisons to be imprisoned for a term of 20 months to be served consecutively to any state sentence being served, with 28 months of supervised release to follow, except if Defendant fully pays his $1,825 fine during his period of incarceration, then any term of supervised release should be extinguished. The Court further recommends that Defendant' term of imprisonment be carried out in the Bureau of Prisons facilities in Seagoville, Texas, if appropriate.

It is further recommended that Defendant be ordered to pay a fine of $1,825. The fine should be due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P. O. Box 570, Tyler, Texas 75710. Any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid fine balance within 15 days of receipt. The fine is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P. O. Box 570, Tyler, Texas 75710. Interest should be waived.

If Defendant's fine is not fully paid during his incarceration, it is recommended that Defendant serve 28 months of supervised release. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant should be required to report in person to the probation office in the district to which Defendant is released and to comply with the following conditions.

While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to obtain and maintain lawful employment.

Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**SIGNED this 11th day of October, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE